UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| MARIO ROMERO-BARILLAS, | § | |
| | § | |
| Petitioner | § | |
| VS. | § | CIVIL ACTION NO. 5:19-CV-58 |
| | § | CRIM. ACTION NO. 5:16-CR-769 |
| UNITED STATES OF AMERICA | § | |

## MEMORANDUM AND ORDER

Before the Court are Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Dkt. No. 1) and Respondent's Motion to Dismiss (Dkt. No. 11). For the reasons below, Respondent's motion is **GRANTED**, and this civil action is **DISMISSED WITH PREJUDICE**.

### I. BACKGROUND

Petitioner is an inmate at Federal Correctional Institution II (FCI-II), in the Federal Correctional Complex, in Victorville, California. In June 2016, he was indicted on one count of conspiracy to transport undocumented aliens and two counts of transporting undocumented aliens for financial gain (Cr. Dkt. No. 20).[1] He pled guilty on all counts and was sentenced to an aggregate term of 41 months' incarceration. Petitioner subsequently filed a notice of non-appeal (Cr. Dkt. No. 37), and judgment was entered on December 9, 2016 (Cr. Dkt. No. 38).

Beginning in April 2017, Petitioner corresponded regularly with the Court, generally to request forms or copies of documents related to his case (Cr. Dkt. Nos.

---

[1] Parenthetical citations that begin with "Dkt. No." and "Cr. Dkt. No." refer to the above-captioned civil and criminal cases, respectively. Parallel citations have been omitted.

40, 41, 44, 46, 48). Notably, the envelopes used to transmit the letters were stamped and dated to reflect that they had been processed by FCI-II's internal system for sending legal mail (Cr. Dkt. Nos. 40 at 3, 41-1 at 2–3, 48 at 3). The Court responded to Petitioner's letters in a timely manner (Cr. Dkt. Nos. 42, 43, 45, 47).

From June 2017 to March 2019, the Court did not receive any further correspondence from Petitioner. Then on March 21, 2019, the Court received a letter from Petitioner which had not been processed by the prison's legal-mail system (Cr. Dkt. No. 49). In his letter, Petitioner sought permission to amend a 28 U.S.C. § 2255 motion that he claimed to have filed in October 2017. He wrote, "As of this date there has been no ruling on this motion, nor have I been given the opportunity to file a brief in support of my § 2255 motion" (*id.*).

On April 26, 2019, the Court received two additional documents from Petitioner, which had also not been processed by the prison's legal-mail system: a letter dated April 22, 2019 (Dkt. No. 1-1) and a copy of a § 2255 motion which Petitioner had signed and hand-dated October 1, 2017 (Dkt. No. 1). In his letter, Petitioner states: "Please find included a copy of the § 2255 motion I filed with this Court on October 1, 2017. As of this date I have not received any response whatsoever" (Dkt. No. 1-1 at 1).

In his 2017-dated motion, Petitioner asserts two grounds for relief. He claims that his trial attorney provided ineffective assistance by advising him to "plead guilty because [he] could not win, even if [he] did not commit the crime" (Dkt. No. 1

at 4). He also claims that because the Government had "absolutely no proof" that he committed the offense, the Court "lacked jurisdiction to impose sentence" (*id.*).

The Court subsequently notified the parties that it was considering a dismissal of the § 2255 motion as time-barred, and offered Petitioner an opportunity to address the issue (Dkt. No. 4). Specifically, the Court explained that although Petitioner's motion was "allegedly signed on October 1, 2017," the Court did not "receive the petition until April 2019" (*id.* at n.2). The Court invited Petitioner to "address that date discrepancy in his response" (*id.*).

Petitioner filed a response in which he stated:

> 1) After my conviction I requested that my attorney file an appeal.
> 2) [In] February of 2017 I directed a request to the Clerk of Court wherein I request[ed] to be informed as to the status of that appeal.
> 3) The Clerk of Court then informed me that there was no appeal filed.
> 4) [On] October 1, 2017 I filed a § 2255 motion. A copy of which is in the Court's possession at this time and has been assigned the above civil action number.
> 5) I filed the aforementioned motion by placing [it] into the custody and care of the mailroom staff here at FCI-II

(Dkt. No. 7 at 1). Petitioner argued that his motion was timely filed under the "prison mailbox rule" because it was "deposited in the institution's internal mail system on or before the last day of filing" (*id.*).

Respondent then filed the instant motion to dismiss Petitioner's § 2255 petition as time-barred (Dkt. No. 11). Respondent argues that Petitioner could not have utilized the prison's legal-mail system because October 1, 2017—the day

Petitioner claimed that he deposited the motion—was a Sunday, when the prison did not accept legal mail (*id.* at 4–6).  Attached to Respondent's motion is the sworn declaration of Octavia Brown, the Supervisory Correctional Systems Specialist at FCI-II, responsible for mailroom operations at all relevant times (Dkt. No. 11-1).

Brown explains that, like other inmates, Petitioner was trained on the prison's procedures for sending legal mail (*id.* at 2).  An inmate who wishes to send legal mail must clearly mark the envelope "Special Mail" or "Legal Mail" and hand-deliver it to a staff member during "open house, which for legal mail is held every Monday through Friday, except holidays, during the noon meal" (*id*).  The staff member then stamps and dates the back of the envelope, which is mailed out the following morning (*id.* at 2–3).  Brown states: "October 1, 2017 was a Sunday.  There was no open house on Sunday, October 1, 2017 and therefore there was no legal mail accepted from any inmate at FCI-II on that date" (*id.* at 3).  Brown adds that she is "not aware of any mail being lost, misplaced, or damaged or of any old mail being located" (*id.*).

Petitioner did not file a reply.

## II. Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations in which a federal prisoner may file a habeas petition.  The limitations period generally runs from the "date on which the judgment of conviction becomes final."  28 U.S.C. § 2255(f)(1).[2]  Here, Petitioner's

---

[2] The limitations period may also run from the latest of three other possible dates: the date on which any government-created impediment to filing the motion is removed; the date on which the

judgment was entered on December 9, 2016, and because he did not appeal, his judgment became final 14 days later, on December 23, 2016. FED. R. APP. P. 4(b)(1)(A)(i); *United States v. Gonzalez*, 592 F.3d 675, 677 (5th Cir. 2009). The limitations period expired one year after that, on December 23, 2017. Yet the Court did not receive Petitioner's motion until April 2019.

Petitioner argues that his motion is timely under the "prison mailbox rule" because he "deposited [it] in the institution's internal mail system" on October 1, 2017 (Dkt. No. 7 at 1). Under the prison mailbox rule:

> A paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing. If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule.

RULE 3(D) OF THE RULES GOVERNING SECTION 2255 PROCEEDINGS IN THE UNITED STATES DISTRICT COURTS.

In applying the prison mailbox rule, the Fifth Circuit's recent decision in *United States v. Duran*, 934 F.3d 407 (5th Cir. 2019), is highly instructive. In *Duran*, the district court received the petitioner's § 2255 motion three weeks after the limitations period expired, and there was no evidence that the letter had been sent through the prison mailing system. *Id.* at 410. The motion itself, however, was dated three weeks earlier, within the one-year limitations period. Because of the discrepancy, the district court gave the parties an opportunity to address the

---

right asserted in the motion was initially recognized by the Supreme Court; or the date on which the facts supporting the claims presented could have been discovered through due diligence. 28 U.S.C. § 2255(f)(2)-(4). Petitioner does not allege that any of these provisions applies.

timeliness issue. *Id.* In his reply, Duran asserted that he "placed his § 2255 motion in the prison mail in his housing unit" on the day that the motion was dated, making it timely. *Id.* at 411. The district court found Duran's reply insufficient and denied his motion. *Id.*

In affirming the district court, the Fifth Circuit explained that a "movant in a § 2255 proceeding has the burden of demonstrating that his filings are timely." *Id.* at 413. It observed that Duran did not include a certification of when he deposited the motion or any other proof of the date of filing. *Id.* at 413. The Circuit concluded that Duran's "bare assertion" that he placed his motion in a housing unit mailbox before the limitations period expired was insufficient for him to benefit from the prison mailbox rule. *Id.* at 413–14.

Similarly, here, Petitioner has not met his burden to show that the mailbox rule applies. As in *Duran*, Petitioner offers no evidence that he deposited his motion on October 1, 2017, apart from the copy of the self-dated motion filed in April 2019. The Court is left to consider Petitioner's unsubstantiated assertion that he placed his motion into the custody of the prison's mailroom staff against the fact that the Court never received it. Under these circumstances, the Court finds that Petitioner has not met his burden to demonstrate that his motion was timely filed. *Duran*, 934 F.3d at 413 (petitioner was not entitled to benefit from mailbox rule based on his "bare assertion that he placed his motion in a housing unit mailbox"); *O'Neal v. Cain*, 615 F. App'x 233 (5th Cir. 2015) (date on petition did "not serve as proof of when it was filed"). That Petitioner did not check on the status of his

motion for some 17 months after he allegedly filed it also belies the veracity of his assertion. *Stoot v. Cain*, 570 F.3d 669, 672 (5th Cir. 2009) ("A failure to inquire about a lost petition is strong evidence that the petition was, in fact, never sent.").

Petitioner's argument fails for another, independent reason. He has not shown that he utilized the internal system at FCI-II for sending *legal* mail. *See* RULE 3(D) OF THE RULES GOVERNING SECTION 2255 PROCEEDINGS ("If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of [the mailbox] rule."). In fact, Petitioner has not even alleged that he used the legal-mail system, instead making the ambiguous assertion that he placed his motion "into the custody and care of the mailroom staff here at FCI-II" (Dkt. No. 7 at 1). To the contrary, the record demonstrates that October 1, 2017 was a Sunday when the legal-mail system was closed (Dkt. No. 11-1 at 3). Assuming Petitioner tried to send his motion on that date, he could not have used the prison's legal-mail system and, therefore, may not benefit from the prison mailbox rule. *United States v. Holt*, 650 F. App'x 170 (5th Cir. 2016) (movant could not benefit from mailbox rule because, even assuming he timely placed his notice of appeal into prison's general mail system, he "failed to … use the prison's legal mail system").[3]

Petitioner's motion also does not warrant equitable tolling. AEDPA's limitations period "is subject to equitable tolling only 'in rare and exceptional

---

[3] Moreover, Petitioner knew how to send legal mail. When he corresponded with the Court in early 2017, Petitioner's envelopes reflected that they had been processed through the prison's legal-mail system. Yet when he wrote to the Court in early 2019 to inquire about his missing § 2255 motion, the envelopes did not reflect that they had been processed through this system. Petitioner's selective use of the legal-mail system suggests some gamesmanship. *See Duran*, 934 F.3d at 410 (emphasizing that, apart from the § 2255 motion, "all of [the petitioner's] other filings … include[d] sufficient indicia of the date each respective filing was placed in the prison mailing system").

circumstances.'" *Hardy v. Quarterman*, 557 F.3d 596, 598 (5th Cir. 2009) (citation omitted). A petitioner "must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing.'" *United States v. Wheaten*, 826 F.3d 843, 851 (5th Cir. 2016) (citation omitted). Here, Petitioner has not established that any circumstances, extraordinary or otherwise, prevented timely filing of his petition. And as set out above, Petitioner waited 17 months after he allegedly filed his motion to inquire about its status. Even on Petitioner's own version of events, he did not diligently pursue his rights. Therefore, the Court cannot discern any grounds to apply equitable tolling.

### III. CONCLUSION

Respondent's motion to dismiss (Dkt. No. 11) is **GRANTED**. Petitioner's § 2255 motion (Dkt. No. 1) is **DENIED**, and the civil action is **DISMISSED WITH PREJUDICE.** Since Petitioner has not made a substantial showing of a denial of a constitutional right, the Court finds that an appeal would not be taken in good faith. Accordingly, any request for a certificate of appealability is hereby **DENIED**.

It is so **ORDERED**.

**SIGNED** March 2, 2020.

 */s/ Marina Garcia Marmolejo*
 Marina Garcia Marmolejo
 United States District Judge